UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANDRE STRONG, | |
| Plaintiff, | |
| v. | CASE NO. 3:22-CV-428-JD-MGG |
| INDIANA DEPARTMENT OF CORRECTION, et al., | |
| Defendants. | |

**OPINION and ORDER**

Ripe before the Court are five nondispositive motions [DE 24, 33, 36, 49 and 54] and two motions to dismiss [DE 12 and 28], all of which relate to issues with service of several defendants in this action. Through this Opinion and Order, the Court will resolve the nondispositive motions. The motions to dismiss will be addressed by separate order in due course.

**I.    RELEVANT BACKGROUND**

On June 1, 2022, Plaintiff filed a complaint raising multiple claims against inmates, guards, the warden, prison officials, and the Indiana Department of Correction ("IDOC") (collectively "the State Defendants")[1], related to an incident on August 24, 2020, while Plaintiff was incarcerated at Miami Correctional Facility ("MCF"). The

---

[1] Plaintiff also raised claims against a prison doctor and Wexford of Indiana, LLC, who jointly filed a motion to dismiss challenging the sufficiency of service on the doctor. [*See* DE 12]. Neither the doctor nor Wexford are involved in the five nondispositive motions and are therefore not mentioned here.

deadline for Plaintiff to perfect service on Defendants was August 30, 2022—ninety days after the complaint was filed. *See* Fed. R. Civ. P. 4(m).

Plaintiff attempted service of the summons and complaint on individual State Defendants William Hyatte, John Doe Guardsman 1, Officer Caleb Tague, Sergeant Hensley, Sergeant Callaway, Sergeant Jordan Amaly, Counselor Grove, Counselor Rennsler, T. Riggle, Shawna Morson, and Sergeant Moore via certified mail in early June 2022. Plaintiff mailed the summonses and complaint to MCF because the eleven individual State Defendants were employed there at all times relevant to his claims in this action. Service was accepted as to Hyatte, Hensley, and Riggle but the other eight service mailings were refused and marked "return to sender" because those individual Defendants were no longer employed by IDOC. Plaintiff's counsel received USPS tracking notifications on or around June 14, 2022, showing that the refused service mailings were "Delivered" to his counsel's office, not the relevant individual Defendants. [DE 33-1].

On August 2, 2022, Plaintiff sought and received the Court's permission to engage in limited discovery to identify four John Doe defendants including one guardsman and three inmates. [*See* DE 25]. On August 18, 2022, Plaintiff also attempted service on four of the individual State Defendants[2] for a second time at MCF—this time using a private process server. However, these summonses were returned unexecuted with notes that none of the four were employed at MCF anymore. On the same day,

---

[2] Hyatte, Amaly, Morson, and Tague

Plaintiff filed a Motion to Substitute Parties [DE 24] after learning the full names of five of the State Defendants[3]. Plaintiff later filed his Motion to Amend Complaint and Substitute Parties [DE 36] seeking to incorporate the substitutions requested in the pending Motion to Substitute into his complaint along with clarification of the name of a sixth State Defendant[4], the newfound name of the Doe Guardsman, and related facts.

On August 19, 2022, before Plaintiff's Motion to Substitute became ripe, Attorney John Twohy of the law firm Eichhorn & Eichhorn entered his appearance for IDOC and all the individual State Defendants, including the eight unserved Defendants[5]. [DE 27]. Also on August 19th, Mr. Twohy filed a Motion to Dismiss on behalf of the eight unserved individual State Defendants arguing lack of personal jurisdiction and insufficient service of process [DE 28]. Plaintiff has since filed a brief in opposition to the Motion to Dismiss [DE 48] and a Motion to Strike the unserved Defendants' reply brief as untimely. [DE 54].

In the meantime, Defendants IDOC, Hyatte, Hensley, and Riggle filed their answer to Plaintiff's complaint on August 22, 2022. [DE 34]. On that same day, alias summonses were issued for Hyatte, Morson, and Tague at private addresses. [DE 31]. Plaintiff also filed his Motion for Extension of Time to Complete Service seeking an additional 30 days to complete service on the State Defendants. [DE 33]. One day later, additional alias summonses were issued as to Defendants Amaly, Callaway, John Doe

---

[3] Hensley, Callway, Grove, Rennsler, and Moore
[4] Amaly
[5] The eight unserved individual State Defendants are Amaly, Callaway, Tague, Grove, Rennsler, Morson, Moore, and John Doe Guardsman 1. Attorney Twohy joined his Eichhorn & Eichhorn colleagues, Attorneys Carly Brandenburg and Zachary Peifer, who had previously entered their appearances for IDOC, Hensley, Hyatte, and Riggle. [DE 19 & 21].

3

(Inmate 3), Grove, Hensley, Moore, Rennsler, and Riggle, as well as Hyatte, Morson, and Tague, all in care of Attorney Twohy at his law firm, Eichhorn & Eichhorn. [DE 35]. Plaintiff then filed proofs of service on August 24, 2022, stating that summonses had been returned executed as to all but the Doe Defendant[6]. The proofs of service all indicate that the summonses were served on Rebecca Turnquist[7], Office Manager at Eichhorn & Eichhorn, on August 24, 2022.

After the original Rule 4(m) deadline for service passed on August 30, 2022, ten Defendants[8] filed a Motion to Quash Service[DE 49] arguing that Plaintiff's service to Mr. Twohy at his law firm's office did not constitute proper service of process.

## II. PLAINTIFF'S MOTION TO SUBSTITUTE [DE 24] AND MOTION TO AMEND COMPLAINT [DE 36]

Defendants were afforded ample time to file a response brief related to these two Motions. *See* N.D. Ind. L.R. 7-1(d)(3)(A). No responses were filed. As such, the Court can only assume that Defendants do not object to Plaintiff's Motions.

Notably, Plaintiff's Motion to Substitute and Motion to Amend seek essentially the same relief—to clarify the record after discovering the full and proper names of certain individual State Defendants. With good cause shown and no objection, Plaintiff's Motion to Amend is **GRANTED**. [DE 36]. Plaintiff's Motion to Substitute is accordingly **DENIED AS MOOT**. [DE 24].

---

[6] Amaly [DE 38], Callaway [DE 39], Grove [DE 40], Hensley [DE 41], Hyatte [DE 42], Moore [DE 43], Morson [DE 44], Rennsler [DE 45], Tague [DE 46], and Riggle [DE 47]
[7] Some of the proofs of service spell the Office Manager's name as "Rebecca Turnquist" and others spell her name as "Rebecca Turnquest." Based on the spelling used by Defendants in their Motion to Quash [DE 49], the Court will refer to the Eichhorn & Eichhorn Office Manager as Rebecca Turnquist.
[8] Amaly, Callaway, Grove, Hensley, Hyatte, Moore, Morson, Rennsler, Tague, and Riggle

4

### III. PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE [DE 33] AND THE STATE DEFENDANTS' MOTION TO QUASH SERVICE [DE 49]

Under Fed. R. Civ. P. 4(m), which requires service of defendants within 90 days after the complaint is filed, Plaintiff's deadline for service of all Defendants in this action was August 30, 2022. On August 22, 2022, Plaintiff filed his instant Extension Motion [DE 33] because he had not yet achieved service on the State Defendants. On August 24, 2022, two days after Plaintiff filed the extension Motion and about six days before his Rule 4(m) service deadline passed, Plaintiff filed proofs of service for ten of the individual State Defendants. [DE 38–47]. Faced with what appears to be timely service, this Court would be inclined to deny Plaintiff's Extension Motion as moot. However, the ten State Defendants have since filed their Motion to Quash Service [DE 49] challenging the propriety of the August 24th proofs of service.

#### A. Motion to Quash [DE 49]

When a defendant challenges the sufficiency of service, the plaintiff bears the burden of demonstrating that proper service occurred. *See Cardenas v. City of Chicago,* 646 F.3d 1001, 1005 (7th Cir. 2011); *see also Ali v. Gary Police Dep't,* No. 3:20-CV-765 JD, 2022 WL 2981667, at *1 (N.D. Ind. July 28, 2022). In their instant Motion to Quash, the individual State Defendants challenge the sufficiency of process citing Fed. R. Civ. P. 12(b)(5) but do not ask this Court to dismiss Plaintiff's claims against them. Rather, Defendants argue generally that Plaintiff's August 24th service of process is improper because it was served upon their attorney. In other words, Defendants challenge Plaintiff's designated person for service and his method of service.

5

Fed. R. Civ. P. 4(c) requires service of a summons accompanied by a copy of the complaint. Rule 4(e) establishes multiple methods of effective service. As relevant here, an individual

> may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>     (A) delivering a copy of the summons and of the complaint to the individual personally;
>
>     [or]
>
>     (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Consistent with Rule 4(e)(1), proper service may also be achieved by the methods authorized through Indiana Rule of Trial Procedure 4.1(A), which specifies methods of service upon individuals. *See Directbuy, Inc. v. Next Level Mktg., Inc.*, No. 2:09 cv 84, 2010 WL 4386525, at *1 (N.D. Ind. Oct. 28, 2010). Specifically, Trial Rule 4.1(A) authorizes the following methods for service upon individuals:

> (1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment with return receipt requested and returned showing receipt of the letter; or
>
> (2) delivering a copy of the summons and complaint to him personally; or

> (3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode; or
>
> (4) serving his agent as provided by rule, statute or valid agreement.

*Id.* Further, "[w]henever service is made under Clause (3) or (4) of subdivision (A), the person making the service also shall send by first class mail, a copy of the summons and the complaint to the last known address of the person being served, and this fact shall be shown upon the return." *Id.* 4.1(B).

After filing his complaint on June 1, 2022, Plaintiff used more than one acceptable method in his attempt to effectuate service. In June, Plaintiff perfected service on some of the individual State Defendants via certified mail to MCF, their place of employment. *See* Ind. R. Trial P. 4.1(A)(1). In August, Plaintiff tried to effectuate service on the remaining individual State Defendants by private process server at MCF. *See* Fed. R. Civ. P. 4(e)(2)(A); Ind. R. Trial P. 4.1(A)(2). When those summonses were returned unexecuted, Plaintiff began trying to achieve service on the remaining individual State Defendants at their last known residential addresses as evidenced by the alias summonses issued on August 22, 2022. [DE 33]. But then, Attorney Twohy entered his appearance for all the individual State Defendants. [DE 27]. Plaintiff—through his counsel—quickly, and before the service deadline passed, served alias summonses along with copies of the complaint for the individual State Defendants upon Mr. Twohy at the Hammond office of Eichhorn & Eichhorn, his law firm. Plaintiff also mailed a copy of the summons and complaint to each individual State Defendant's last known address, which was noted in the proofs of service Plaintiff filed on August 24, 2022. [DE

7

38–47]; *see also* Ind. R. Trial P. 4.1(B). It is this last effort to effectuate service through their attorney, Mr. Twohy, that the individual State Defendants now challenge.

"[N]otice to an attorney is imputed to a client . . . when the attorney is of record and has entered an appearance." *Bennett v. Circus, U.S.A.*, 108 F.R.D. 142, 148–49 (N.D. Ind. 1985) (citing *State ex rel. Brubaker v. Pritchard*, 138 N.E.2d 233, 235 (1956) ("When an attorney enters his appearance of record in any litigation so long as such attorney remains the existing attorney of record, he is the agent of the party, and the party is bound by such attorney's knowledge and notice of the proceedings in that case so long as it is pending."); *Smith v. Ind. State Bd. of Health*, 303 N.E.2d 50, 56 (Ind. Ct. App. 1973), *cert. denied*, 419 U.S. 836 (1974) (finding notice of contempt proceedings to the defendants' attorney was sufficient notice). Indeed, notice to defendants of a lawsuit against them is one of the goals of service. *Cochran v. Barnes*, Cause No. 2:08-CV-0358 WL, 2010 WL 4555510, at *2 (N.D. Ind. Feb. 1, 2010). Service of process also gives the court personal jurisdiction over a defendant. *Id.* As a result, "actual notice of a lawsuit, without service, is insufficient to give the court the jurisdiction necessary to allow it to enter a judgment against a defendant." *Id.*; *see also Bennett*, 108 F.R.D. at 149.

No rule or legal authority designates service upon a defendant's attorney as "a valid substitute for service of process on the defendants." *Lewellen v. Morley*, 909 F.2d 1073, 1077 (7th Cir. 1990). Yet Indiana law contemplates successful service of process "made upon . . . an individual acting in a representative capacity," specifically an agent "as provided by rule, statute or valid agreement." Ind. R. Trial P. 4.1(A)(4). Whether the State Defendants' counsel here qualifies as an agent under Rule 4.1(A) is a matter of

8

dispute. Indiana law is silent as to the sufficiency of service on an attorney as an agent of a defendant under 4.1(A)(4). *Bennett*, 108 F.R.D. at 148. The law is clear, however, that "[i]n order for a court to find that a person acted as a party's agent by appointment or agreement, there must be evidence of that appointment or agreement." *Lozanovski v. City of Crown Point*, No. 2:15-CV-454-TLS, 2017 WL 347451, at *4 (N.D. Ind. Jan. 24, 2017) (quoting *Goodman v. Clark*, No. 2:09-CV-355, 2010 WL 2838396, at *8 (N.D. Ind. July 12, 2010) (citing *Schultz v. Schultz*, 436 F.2d 635, 638–39 (7th Cir. 1971))).

Here, the State Defendants, through Mr. Twohy, argue that he was not their agent for purposes of service of process. Additionally, they contend that Ms. Turnquist, the Eichhorn & Eichhorn office manager who accepted the service documents, was not connected in any way to the instant case and was not authorized to accept service on behalf of any of the State Defendants. Citing *Bennett v. Circus U.S.A.*, *State ex rel. Brubaker v. Pritchard*, and *Smith v. Ind. State Bd. of Health*, Plaintiff asserts that Mr. Twohy is the State Defendants' agent making service upon him proper under Ind. R. Trial P. 4.1(A)(4). The record here lacks persuasive evidence either way.

Despite Plaintiff's conclusion to the contrary, the courts in *Bennett*, *Brubaker*, and *Smith* do not clearly establish that an attorney is automatically his client's agent for purposes of service of process. All three cases are distinguishable. In *Bennett*, the court assessed service upon a law firm that represented a defendant in the past on other matters unlike the situation here where Plaintiff claims to have perfected service on the State Defendants' attorney of record who entered his appearance on their behalf before the Rule 4(m) service deadline passed. *See* 108 F.R.D. at 148–49. Additionally, the

9

*Brubaker* and *Smith* courts only assessed whether notice of civil contempt proceedings within an existing case to an attorney of record was imputed to his client, not agency for purposes of service of process to initiate a case. 138 N.E.2d at 235. In the end, all three courts found that **notice** to an attorney of record in a particular case is imputed to the client party because of the agency relationship between them but do not discuss Rule 4.1(A)(4) appointment or agreement of agency for the purpose of **service of process**. *See Bennett*, 108 F.R.D. at 148–49; *State ex rel. Brubaker*, 138 N.E.2d at 235; *Smith,* 303 N.E.2d at 56. Yet attorneys typically do not enter an appearance in litigation for a specific party without some kind of agreement of agency—a point accepted by Mr. Twohy and the State Defendants. Therefore, while Plaintiff has not presented any evidence of an appointment or agreement that the State Defendants appointed or agreed to Mr. Twohy as their agent for purposes of service of process, it is not far-fetched to infer that the State Defendants' representation agreement with Mr. Twohy may have authorized counsel to accept service of process. The inference alone, however, does not establish the necessary agency. *See Lozanovski*, 2017 WL 347451, at *4.

With that said, the State Defendants have not clearly shown that Mr. Twohy is *not* their agent for service of process. In briefing the Motion to Quash, Mr. Twohy and the State Defendants simply state—without any further evidentiary support—that the scope of Mr. Twohy's representation was to file Defendants' pending motion to dismiss [DE 28] thereby preserving Defendants' objections to personal jurisdiction. [DE 56 at 2]. Confusingly, they acknowledge that there are no longer general and special

10

appearances in federal courts but then contend that Mr. Twohy's representation here is limited to the motion to dismiss filed contemporaneously with his appearance.

Moreover, the cases the State Defendants rely upon to show that Mr. Twohy was not appointed their agent for service of process are inapposite. Applying Illinois law in *Lewellen v. Morley*, the Seventh Circuit found that counsel's unfulfilled promise to appear on behalf of the defendants did not relieve the plaintiff of his duty to execute proper service of process upon the defendants. 909 F.2d at 1076–77. In *Cochran v. Barnes*, this Court found service via an improper means (i.e., certified mail to a former employer) insufficient despite appearance of counsel on the defendants' behalf. 2010 WL 455510, at *7. In *Schultz v. Schultz*, 436 F.2d 635, 638–39 (7th Cir. 1971), the court found that service on an attorney was not sufficient because the attorney only represented the defendant in an unrelated action. In *Shoultz v. State*, 995 N.E.2d 647, 658 (Ind. Ct. App. 2013), service was found insufficient under Ind. R. Trial P. 4.1 because it was attempted on an attorney who was not representing the defendant in that lawsuit. While interesting, these cases are not useful here where Mr. Twohy undisputedly represents the State Defendants in this specific litigation and Plaintiff served him on behalf of the State Defendants.

Parallel to these arguments about the scope of Mr. Twohy's agency, the State Defendants challenge the sufficiency of Plaintiff's service because the documents were accepted by Eichhorn & Eichhorn's office manager, Ms. Turnquist, who they contend was not authorized to accept service of process on their behalf either. Plaintiff does not present any evidence of Ms. Turnquist's authority to accept service of process on behalf

11

of the State Defendants. Once again, however, the State Defendants offer no authority to show that her acceptance of the service documents constitutes demands a finding of improper service of process.

This is concerning in light of a decision by this Court in 2013. In *Franklin Franklin v. Tuthill Corporation/Transfer Systems*, this Court found service sufficient when the summons was addressed to the correct individual using a proper means of service under Fed. R. Civ. P. 4(e) but was intercepted and received by a receptionist acting within her scope of responsibilities. , No. 1:12-CV-288-PS-RBC, 2013 WL 3353933, at *9 (N.D. Ind. July 3, 2013) .In support, this Court distinguished the factual scenario it faced with the facts in *LaPalme v. Romero*, 621 N.E.2d 1102 (Ind. 1993) where the summons was accepted by a third party on behalf of an individual who lacked authority to receive process on the defendant's behalf. *Id.* In *LaPalme*, the court considered the effect of Ind. R. Trial P. 4.15(F), which states:

> No summons or the service thereof shall be set aside or be adjudged insufficient when either is reasonably calculated to inform the person to be served that an action has been instituted against him, the name of the court, and the time within which he is required to respond.

*Id.* at 1105–06. The *LaPalme* court then concluded the summons was not properly served because the applicable service of process rules did not authorize service to the addressee let alone the third party. *Id.* Based on the *LaPalme* analysis, however, this Court found Ind. R. Trial P. 4.15(F) applicable to the attempt at service in *Franklin*, noting that the intercepted service was only a technical defect because the plaintiff had

12

addressed the summons to the correct individual and used a proper method of service. *Franklin*, 2013 WL 3353933, at *9.

*LePalme* and *Franklin* suggest that Ms. Turnquist's acceptance of the summonses at issue—addressed to Mr. Twohy in care of Eichhorn & Eichhorn—may not be problematic if Mr. Twohy qualifies as a proper individual for service, a fact that the parties have failed to resolve definitively in briefing the instant Motion to Quash. The record presented to the Court on whether Mr. Twohy is authorized to accept service of process on behalf of the individual State Defendants is limited to Plaintiff's inference of agency, Mr. Twohy's contemporaneous filing of the State Defendants' pending motion to dismiss and his appearance on their behalf in this litigation, and a complete lack of legal authority regarding what constitutes proof of an appointment to receive service of process under Ind. R. Trial P. 4.1(A)(4). While Plaintiff may not have satisfied his burden to establish sufficiency of service of process in response to the instant Motion to Quash, *see Cardenas*, 646 F.3d at 1005, the State Defendants have not persuaded this Court that Plaintiff's attempt at service via Mr. Twohy is improper. Therefore, quashing service and striking the August 24th proofs of service is premature at best and more likely an excessive discretionary response to the facts surrounding service in this case.

Quashing service and striking the proofs of service would also be inequitable as Mr. Twohy's conduct in rejecting Plaintiff's service documents—mailing them back to Plaintiff's counsel with an attached letter noting his position that the attempted service was improper and that a motion would be filed with the Court—suggests an attempt by the individual State Defendants to frustrate or evade service. The record does not

establish any attempt by Mr. Twohy to confer with Plaintiff's counsel after the August 24th service. Additionally, Mr. Twohy did not assist in achieving service—arguably an affirmative obligation of an attorney who is also an officer of the court. Such assistance would also be consistent with the spirit of the service rules in the Indiana Rules of Trial Procedure that establish duties of communication to their clients and aid in service for agents receiving service. *See* Ind. R. Trial P. 4.10, 4.16; *cf.* Fed. R. Civ. P. 1; Ind. R. Prof'l Conduct 1.4, 3.2.

Nevertheless, the State Defendants have established that the proof of service for Defendant Tague is unsupported. Plaintiff filed what is identified as a Summons Returned Executed with proof of service attached stating that "Officer Caleb Tague" received the summons addressed to Mr. Twohy from a process server on August 23, 2022. [DE 46-1]. Yet the uncontested packet of service documents filed by the State Defendants in support of their Motion to Quash does not include any summons for Defendant Tague. Instead, it includes two summonses for Defendant Hensley. [DE 49-1 at 1, 21]. Therefore, the Court can only assume that the proof of service on Defendant Tague is inaccurate even if based on only an inadvertent error in service. Therefore, striking the Tague proof of service only is warranted.

Accordingly, the State Defendants' Motion to Quash is **GRANTED IN PART** and **DENIED IN PART**. [DE 49].

    **B.**    **Motion for Extension of Time to Complete Service [DE 33]**

Under Fed. R. Civ. P. 4(m), "the court must extend the time for service for an appropriate period" if the plaintiff demonstrates good cause for failing to complete

14

service in the initial 90-day period. The good cause standard "primarily considers the diligence of the party seeking amendment" of a deadline. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). Good cause exists when a movant shows that "despite [her] diligence the time table could not have reasonably been met." *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

"In the absence of good cause, a court has discretion to permit service after the 90-day period or dismiss the complaint without prejudice. " *Freeman v. Carter*, No. 3:20-CV-631 JD, 2021 WL 4146999, at *3 (N.D. Ind. Sept. 13, 2021) (citing *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 340 (7th Cir. 1996)).

> The factors that courts typically consider when deciding whether to grant an extension of time for service of process include but are not limited to: whether the defendant's ability to defend would be harmed by an extension; whether the defendant received actual notice; whether the statute of limitations would prevent refiling of the action; whether the defendant evaded service; whether the defendant admitted liability; whether dismissal will result in a windfall to a defendant; whether the plaintiff eventually effected service; whether the plaintiff ever requested an extension from the court due to difficulties in perfecting service; and whether the plaintiff diligently pursued service during the allotted period. [*Cardenas v. City of Chicago*, 646 F.3d 1001, 1006 (7th Cir. 2011).] "Even if the balance of hardships appears to favor an extension, the district court retain[s] its discretion to hold the Plaintiffs accountable for their actions—or, more accurately, inaction—by dismissing the case." *Cardenas*, 646 F.3d at 1007.

*Jones v. Ramos*, No. 20-2017, 2021 WL 4024799, at *3 (7th Cir. Sept. 3, 2021).

Despite the State Defendants' argument to the contrary, Plaintiff's efforts from June through August 2022 demonstrated due diligence in attempting to perfect service upon them. Even if they did not, the relevant *Cardenas* factors favor granting Plaintiff an extension of time. First, the limited record before the Court leaves open the possibility

15

that the August 24th service on all the State Defendants but Officer Tague was timely perfected before the August 30th service deadline. Second, nothing even hints that the State Defendants' ability to defend against Plaintiff's claims would be harmed by the requested extension.

Third, the State Defendants undoubtedly had actual notice of Plaintiff's claims no later than August 19, 2022, when Mr. Twohy filed their motion to dismiss. After all, Mr. Twohy's knowledge of the complaint was imputed to his clients even if service to him was improper. *See Bennett*, 108 F.R.D. at 148–49; *State ex rel. Brubaker*, 138 N.E.2d at 235; *Smith*, 303 N.E.2d at 56. Additionally, Mr. Twohy presumably communicated with his clients about that motion before filing it in keeping with his ethical obligations. *See* Ind. R. Prof'l Conduct 1.4. And lastly, Mr. Twohy's decision to file the State Defendants' motion to dismiss on grounds of insufficiency of process before the service deadline passed combined with his failure to confer with Plaintiff's counsel about the alleged service issues or to share contact information regarding his clients creates an inference that he was attempting to manipulate or frustrate service.[9]

---

[9] Perhaps it is Defense Counsel's intent to force Plaintiff's counsel to levy some kind of discovery process upon his law firm, or alternatively IDOC, to ascertain his clients' contact information relevant to service of process? Such an approach nears the boundaries of the "Theatre of the Absurd" given counsel's duty to this tribunal to expedite litigation and ensure a just outcome on the merits of the claims and defenses in this case. *See* Fed. R. Civ. P. 1; *see also* Ind. R. Prof'l Conduct 3.2. After all, at the time of his appearance in this case, Defense Counsel was—and may still be—in the best position to propel this case forward on the merits given his knowledge of both Plaintiff's complaint and his clients' contact information relevant to service of process. To allow this matter to devolve into a game of "hide the ball" not only undermines the significance and importance of the Plaintiff's claims but also demeans the decorum and authority of this Court to consider claims on the merits rather than on procedural technicalities. See, e.g., Fed. R. Civ. P. 4(l)(3) ("Failure to prove service does not affect the validity of service . . .[t]he court may permit proof of service to be amended").

Therefore, a brief extension of time is warranted to allow Plaintiff to perfect service using any means acceptable under the Federal Rules of Civil Procedure and the Indiana Rules of Trial Procedure. *See* Fed. R. Civ. P. 4(m); 4(e). Accordingly, Plaintiff's Extension Motion is **GRANTED**. [DE 33]. The deadline to serve all the State Defendants is **EXTENDED** to **December 23, 2022**.

### IV. PLAINTIFF'S MOTION TO STRIKE STATE DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS [DE 54]

Plaintiff's Motion to Strike was filed on September 7, 2022. Under the Local Rules of this Court, Defendants automatically received fourteen days to respond to the Motion to Strike. N.D. Ind. L.R. 7-1(d)(3)(A). They did not. As such, this Court is authorized to rule summarily on the Motion. *See id.* 7-1(d)(5). Moreover, Plaintiff has established that the State Defendants filed their reply brief after the deadline set forth in the Local Rules passed. *See id.* 7-1(d)(3)(B). With good cause shown and no sign of objection, Plaintiff's Motion to Strike is **GRANTED**. [DE 54]. The State Defendants' reply brief in support of their motion to dismiss is **STRICKEN**. [DE 52].

### V. CONCLUSION

For the reasons discussed above, the pending service-related nondispositive motions are resolved as follows.

- Plaintiff's Motion to Amend Complaint is **GRANTED**. [DE 36]. The Clerk is **DIRECTED** to file Plaintiff's First Amended Complaint and Demand for Jury Trial, as attached to his Motion [DE 36-1], as of August 23, 2022.

- Plaintiff's Motion to Substitute is **DENIED AS MOOT**. [DE 24].

- The State Defendants' Motion to Quash Service is **GRANTED IN PART** and **DENIED IN PART**. [DE 49]. The proof of service as to Defendant Caleb Tague is **STRICKEN**. [DE 46-1].

- Plaintiff's Motion for Extension of Time to Complete Service is **GRANTED**. [DE 33]. The deadline to serve all the State Defendants is **EXTENDED** to **December 23, 2022**.

- Plaintiff's Motion to Strike is **GRANTED**. [DE 54]. The State Defendants' reply brief in support of their motion to dismiss is **STRICKEN**. [DE 52].

**SO ORDERED** this 18th day of November 2022.

                        s/Michael G. Gotsch, Sr.
                        Michael G. Gotsch, Sr.
                        United States Magistrate Judge